**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD PHILLIPS, | Case No. CV 20-1858-FMO (JPR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| COUNTY OF LOS ANGELES et al., | |
| Defendants. | |

On February 26, 2020, Plaintiff, a state inmate proceeding pro se, filed a civil-rights action against Los Angeles County and the Los Angeles County Public Defender in their official capacity and Robert G. Noguchi, a deputy public defender, and Does in their individual and official capacities, seeking declaratory relief, compensatory and punitive damages, and costs. (Compl. at 3, 6.)[1] He was subsequently granted leave to proceed in forma pauperis.

Plaintiff alleges "malpractice" and "negligence" by Noguchi at his 2011 sentencing, resulting in a sentence of 32 months when

---

[1] Because the Complaint is not consecutively paginated, the Court uses the pagination generated by its Case Management/ Electronic Case Filing system.

1

it should have been 16. (Compl. at 5-8.) In 2017, the court struck his prior juvenile misdemeanor adjudication and resentenced him to 16 months. (Id. at 5, 11.)

After screening the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that its allegations fail to state a claim on which relief might be granted. Because some of the claims might be cured by amendment, they are dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). If Plaintiff desires to pursue any of his claims, he is ORDERED to file a first amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

**ALLEGATIONS**

Public Defender Noguchi was appointed to represent Plaintiff on or about January 20, 2011. (Compl. at 5.) He allegedly "failed to exercise reasonable care and skill" by not asserting during Plaintiff's sentencing that because his prior juvenile conviction was a misdemeanor, it should not have counted as a prior-strike enhancement. (Id.) Plaintiff was sentenced to and served 32 months. (Id.)

On June 28, 2017, his sentence was modified based on the prosecutor's motion to strike the prior-strike allegation. (Id. at 12.) The court resentenced him to 16 months, with credit for custody and good time. (Id. at 11.)

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal

theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); Byrd v. Phx. Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).

**DISCUSSION**

**I. The Complaint Does Not State Any Official-Capacity Claim**

Plaintiff sues Los Angeles County and the Los Angeles County Public Defender in their official capacity and Noguchi in his individual and official capacities. (Compl. at 3.) The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original). Thus, Plaintiff's claims against Noguchi in his official capacity are redundant to his claims against the LACPD.

Municipalities and local-government entities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978); see also Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). Because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell, 436 U.S. at 694; City of Canton v. Harris, 489 U.S. 378, 385-87 (1989). A plaintiff must show "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citation omitted).

A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. See Harris, 489 U.S. at 388. A plaintiff claiming failure to train must allege facts demonstrating the following:

> (1) he was deprived of a constitutional right, (2) the [County] had a training policy that amounts to deliberate indifference to the constitutional rights of the persons with whom its [employees] are likely to come into contact, and (3) his constitutional injury would have been avoided had the [County] properly trained those [employees].

Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (citations and alterations omitted); see also Lee v. City of L.A., 250 F.3d 668, 681 (9th Cir. 2001).

Nowhere in the Complaint does Plaintiff identify an "official policy or longstanding custom" that caused a deprivation of his constitutional rights or refer to any events other than his own resentencing. Thus, any Monell claim for damages necessarily fails. See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (stating in overdetention case that local-government body may be liable if it has policy of inaction and such inaction amounts to failure to protect constitutional rights, but policy must be more than merely negligent); Hayes v. Voong, 709 F. App'x 494, 495 (9th Cir. 2018) ("The district court properly dismissed [plaintiff's] . . . claims against defendants in their official capacities because [he] failed to identify

. . . a policy or custom of the State that allegedly violated federal law.").

Alleging only that Defendant LACPD "has a duty to properly, hire, train, oversee, supervise, and discipline its employee" (Compl. at 7), Plaintiff does not state municipal liability on a failure-to-train theory either. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." <u>Connick v. Thompson</u>, 563 U.S. 51, 61 (2011). To be an actionable "policy or custom" under § 1983, the failure must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." <u>Id.</u> (citing <u>Harris</u>, 489 U.S. at 388). Plaintiff's generic allegation of failure to train without any underlying facts does not meet this standard. <u>See</u> <u>Flores v. Cnty. of L.A.</u>, 758 F.3d 1154, 1159 (9th Cir. 2014) (plaintiff must allege facts to show that municipality disregarded known or obvious consequence that particular omission in training program would cause employees to violate citizens' constitutional rights); <u>see also</u> <u>Young v. City of Visalia</u>, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (allegations of inadequate training and hiring insufficient because complaint did not identify what training and hiring practices were, how they were deficient, or how training practices caused plaintiff harm); <u>Bini v. City of Vancouver</u>, 218 F. Supp. 3d 1196, 1203 (W.D. Wash. 2016) ("Absent allegations of specific shortcomings in the training . . . or facts that might place the City on notice that constitutional deprivations were likely [to] occur, Plaintiff [cannot] adequately [plead] a § 1983 claim . . . for failure to train.").

For all these reasons, Plaintiff fails to state any official-capacity claim.

**II. Defendant Noguchi Is Not a State Actor**

Plaintiff alleges that Noguchi was employed by the LACPD and "acted within the course and scope of his employment." (Compl. at 3.) Noguchi allegedly did not argue at Plaintiff's sentencing that his misdemeanor juvenile adjudication was not a strike; thus, he was sentenced to 32 months instead of 16. (Id. at 5.)

To state a claim under § 1983, a plaintiff must allege that a defendant acted under color of state law to deprive plaintiff of a constitutionally protected right.[2] West v. Atkins, 487 U.S. 42, 49 (1988); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Whether a public defender acts under color of state law depends on the nature of the duties he performs. Polk Cnty. v. Dodson, 454 U.S. 312, 319-20 (1981). A "public defender does not act under color of state law when performing a lawyer's

---

[2] Plaintiff repeatedly refers to Defendants as having acted "negligently" or having committed "malpractice" (see, e.g., Compl. at 5, 7), but such conduct does not rise to the level of a constitutional violation. See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); see also Daniels v. Williams, 474 U.S. 327, 333 (1986) (injuries to life, liberty, or property inflicted by governmental negligence not addressed by Constitution).

traditional function as counsel to a defendant in a criminal proceeding." Id. at 325. Even though deficient performance may cause the "trial process to deprive an accused of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983) (citations omitted).

Defendant Noguchi functioned as counsel to Plaintiff during the 2011 proceeding. Thus, even though he was employed by a public agency, he was not a state actor for purposes of § 1983 liability. See Miranda v. Clark Cnty., 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender is held to same standards of competence and integrity as private lawyer and is not state actor). Thus, Plaintiff's individual-capacity § 1983 claims against Noguchi necessarily fail.[3]

**III. The Complaint Does Not Comply with Federal Rule of Civil Procedure 10(a)**

Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint must name all the parties." The title of the Complaint is Ronald Phillips v. County of Los Angeles, suggesting that Plaintiff sues only the County, but on

---

[3] The Court "intimate[s] no views as to a public defender's liability for malpractice in an appropriate case under state tort law." See Polk Cnty., 454 U.S. at 325; see also Bassett v. Bailey, No. CIV-S-07-1439-LKK-JFM-P., 2007 WL 2382098, at *2 n.1 (E.D. Cal. Aug. 17, 2007) (public defender may be liable under state tort law for malpractice), accepted by 2007 WL 2797388 (E.D. Cal. Sept. 26, 2007). As noted, Plaintiff seems to raise some state-law claims based on malpractice and negligence. (See, e.g., Compl. at 5, 6.) The Court declines to screen any such claims until he has stated a federal constitutional claim.

8

page three of the Complaint he names the County, the LACPD, and Noguchi as Defendants and mentions Doe Defendants throughout his allegations. In any amended complaint, Plaintiff must list all the Defendants in the caption or the amended complaint will be subject to dismissal on that basis alone. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (as amended).

**********************

If Plaintiff desires to pursue any of his claims, he is ORDERED to file a first amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself, without reference to the Complaint or any other pleading. He may not sue Noguchi under § 1983 because any official-capacity claims are redundant of those against the municipal entities and the individual-capacity claims are barred for the reasons discussed above. **Plaintiff is warned that if he fails to timely comply with this order, the Court may dismiss this action on the grounds set forth above or for failure to prosecute.**

IT IS SO ORDERED.

DATED: April 1, 2020

/s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

Presented by:

/s/ Jean Rosenbluth
Jean Rosenbluth
U.S. Magistrate Judge