# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PHILLIPS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>  Defendants. | Case No. CV 20-1858-FMO (JPR)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

On February 26, 2020, Plaintiff, a state inmate proceeding pro se, filed a civil-rights action against Los Angeles County and the Los Angeles County Public Defender in their official capacity and Robert G. Noguchi, a deputy public defender, and Does in their individual and official capacities, seeking declaratory relief, compensatory and punitive damages, and costs. (Compl. at 3, 6.)[1]  He was subsequently granted leave to proceed in forma pauperis.

On April 1, 2020, the Court dismissed the Complaint with leave to amend because it failed to state any claim.  The Court

---

[1] Because the Complaint is not consecutively paginated, the Court uses the pagination generated by its Case Management/ Electronic Case Filing system.

1

warned Plaintiff that if he wished to pursue his claims, he had to timely file an amended complaint or the lawsuit would likely be dismissed for failure to state a claim and failure to prosecute.  He requested an extension of time to file his amended complaint, which the Court granted; the amended complaint was due August 21.  To date he has neither filed an amended complaint nor requested another extension of time to do so.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (citation omitted).  Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal.  In particular, Plaintiff has offered no explanation for his failure to file an amended complaint.  Thus, he has not rebutted the presumption of prejudice to Defendants.  No less drastic sanction is available,

as Plaintiff's Complaint fails to state a claim and cannot be ordered served, and he is unable or unwilling to comply with the Court's instructions for fixing his allegations.  Because none of Plaintiff's claims can be ordered served, the Court is unable to manage its docket.  Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 15, 2020

/s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge